## KRAEMER *v.* SIEBURG.

### (*City Court of New York, General Term.* September 29, 1888.)

SALES—WHEN TITLE PASSES—PROVINCE OF JURY.

> Plaintiff and defendant entered into an agreement whereby defendant sold and delivered to plaintiff certain goods, the property to remain in defendant till the price was paid. Plaintiff, however, refused to make the first payment till he had received a bill of sale, claiming that he had made an absolute purchase, whereupon defendant delivered one to him. *Held*, that whether there was an absolute or conditional sale was a question of fact for the jury.

Appeal from trial term; EHRLICH, Justice.

Action by Albert Kraemer against George Sieburg for the conversion of certain property, bar-fixtures, etc. The complaint alleges, in substance, that on or about the 9th of March, 1884, the plaintiff was lawfully possessed of certain property, bar-fixtures, etc., of the value of $650; that in the month of March, 1884, defendant unlawfully converted and disposed of the same to his own use. Defendant denies each and every allegation of the complaint, and sets up as a separate defense that defendant and plaintiff entered into an agreement in writing, on October 29, 1883, whereby plaintiff rented the said property from the defendant, and that defendant delivered the same to the plaintiff at the Grand Central Theater, upon the condition that plaintiff should pay said defendant the sum of $650 therefor,—$200 cash at date of agreement, $150 by a two-months note, $150 by a three-months note, and the balance, $150, by a four-months note,—all of said notes bearing date November 27, 1883; that it was further agreed that, upon the full payment of the said sum of $650, defendant would sell to plaintiff the said fixtures, and give a bill of sale thereof to plaintiff, but that until the whole amount was paid the fixtures were to be held by plaintiff in trust for defendant; that in case of any default in any one of said payments, or of any of said notes, said agreement should, at the option of defendant, be deemed annulled, and plaintiff therein authorized defendant to enter any premises, and secure the fixtures, etc.; that in pursuance of such agreement he delivered to plaintiff said fixtures, and fully performed all the conditions on his part, but that the plaintiff

wholly failed to perform the conditions, and has neglected to pay any of said notes; that plaintiff on or about March 18, 1884, abandoned said fixtures, and the premises where the fixtures were contained; and that defendant, by reason of such default, etc., exercised his option, and declared said agreement to be annulled, and repossessed himself of said fixtures. Upon the trial the plaintiff testified, in substance, that in October, 1883, he had a conversation with defendant in which defendant agreed to sell, and plaintiff agreed to buy, certain bar-fixtures for $650, to be paid for as follows: $200 in cash, and the balance in notes. That subsequently he met defendant, who had a paper which he wanted him to sign. That he asked him if it was all right. That defendant answered, "Yes." That the plaintiff said: "All right, you bind yourself to have the fixtures in within a certain time; if not, I don't want them. I would rather go get second-hand fixtures, and have them put in at once." "He said: 'All right, I will do just what I say;' and I signed the paper." The fixtures were delivered. That the paper plaintiff signed was an agreement on his part to rent the fixtures from defendant, and that defendant would give him a bill of sale of the same, upon payment of the whole sum of $650. That plaintiff refused to pay the money and give the notes until he received a bill of sale. A day or two after, defendant's clerk called on plaintiff to obtain the money and notes. That plaintiff refused to make the cash payment of $200, and give the notes, until he received a bill of sale. That the said clerk then left and returned with a bill of sale for the fixtures, which he delivered to plaintiff. That plaintiff thereupon paid the $200 cash, and delivered the notes to defendant's clerk. Plaintiff remained in possession of the fixtures until February, 1884, when he was dispossessed from the premises. That defendant subsequently told him that he had sold the fixtures, had got his money, and that was all he cared about it. It also appeared that the notes given by plaintiff had not been returned. Defendant testified, in substance, that the fixtures were not sold by him to plaintiff, but were only rented; that he had the agreement prepared; that same was signed by both parties; that he received the cash payment of $200, and the notes; and that the first note, which became due in January, 1884, was not paid, and that he sold the fixtures in August, 1888. Verdict and judgment for plaintiff, and motion for new trial overruled. Defendant appeals.

Argued before NEHRBAS, McGOWN, and PITSHKE, JJ.

*Rabe & Keller*, for appellant. *Samuel H. Randall*, for respondent.

McGOWN, J., (*after stating the facts.*) The only question herein is as to whether the fixtures in question were actually sold by defendant to plaintiff by an absolute sale, or whether there was a conditional sale only; the title thereto to remain in defendant until full payment of the whole contract price. There appears to have been some misunderstanding between the parties on this point. The plaintiff refused to make the cash payment of $200, and to deliver the notes for the balance, until he had received from defendant the full bill of sale therefor, which he claimed he was entitled to, and demanded such bill of sale, claiming that he had made an absolute purchase. The defendant thereupon conceded to plaintiff's demand; and on November 5, 1883, upon receiving from the plaintiff $200 in cash, and $450 in notes, delivered to him a full bill of sale thereof. It would seem, therefore, that the agreement signed by plaintiff and defendant on October 29, 1883, was by mutual consent waived, abandoned, and canceled, and that all misunderstandings between the parties as to said agreement were arranged; that the agreement had been ignored and repudiated by plaintiff; and that defendant recognized the plaintiff's right to an absolute bill of sale, by delivering the same to him, particularly as no explanation was given by defendant in his testimony, and no contradiction on the part of the defendant of the plaintiff's testimony on that point, nor was any testimony offered on the part of the defendant to show any want of au-

thority on the part of his clerk to deliver the bill of sale to plaintiff, or to receive from him the $650 in cash and notes. It was simply a question of fact for the jury to pass upon whether there was an absolute or conditional sale; in doing which they had also to consider the credibility of the plaintiff and of the defendant. The whole issue was fairly and fully presented by the trial justice to the jury, who found in favor of the plaintiff. I do not find that any errors were committed by the trial justice in his rulings, or in his charge to the jury. The judgment and the order denying defendant's motion for a new trial must therefore be affirmed, with costs.

NEHRBAS and PITSHKE, JJ., concurring.